1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9            EASTERN DISTRICT OF CALIFORNIA
10

CONROY J. HAYES,                    )    1:09-CV-01749 OWW GSA HC
11                                  )
                 Petitioner,        )    ORDER DENYING PETITIONER'S
12                                  )    MOTION FOR STAY OF PROCEEDINGS
        v.                          )
13                                  )    [Doc. #24]
DERREL G. ADAMS,                    )
14                                  )
                 Respondent.        )
15    _____)

16
        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17
pursuant to 28 U.S.C. § 2254.
18
        On October 5, 2009, Petitioner filed a petition for writ of habeas corpus.  After conducting a
19
preliminary review of the petition, on October 19, 2009, the Court issued an order directing
20
Respondent to file a response to the petition.  Respondent filed an answer to the petition on
21
January 19, 2010.  On March 1, 2010, Petitioner filed a traverse.  The case has been pending decision
22
on the merits since then.
23
        On September 7, 2010, Petitioner filed the instant motion to stay proceedings pending
24
exhaustion of a newly discovered claim.  Respondent did not file an opposition.
25
                                **DISCUSSION**
26
        A district court has discretion to stay a petition which it may validly consider on the merits.
27
Rhines v. Weber, 544 U.S. 269, 276 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d
28

981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519

U.S. 1102 (1997).  However, the Supreme Court held that this discretion is circumscribed by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Rhines</u>, 544 U.S. at 277. In light

of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is

only appropriate when the district court determines there was good cause for the petitioner's failure

to exhaust his claims first in state court." <u>Id</u>.  Even if Petitioner were to demonstrate good cause for

that failure, "the district court would abuse its discretion if it were to grant him a stay when his

unexhausted claims are plainly meritless." <u>Id</u>.

In this case, the Court does not find good cause to excuse Petitioner's failure.  This case is

fully briefed and has been pending a decision on the merits since March 1, 2010.  The new claim is

clearly untimely under AEDPA and Petitioner has not demonstrated diligence.  Petitioner states he

only became aware of the claim's existence upon review of voir dire transcripts which he did not

obtain until August 17, 2010.  However, Petitioner had ample time to seek these transcripts

following judgment in his case on May 17, 2006.  He claims he was unable to secure the transcripts

until August 17, 2010, because his attempts in the superior court and with his appellate counsel did

not prove fruitful until he filed a formal motion in the appellate court.  Nevertheless, Petitioner

concedes he contacted his appellate counsel for a copy of the transcripts on August 6, 2008.  He also

concedes he received a response from appellate counsel on August 8, 2008, wherein counsel

specifically informed Petitioner that he must apply directly to the appellate court by formal motion

for a copy of the transcripts.  (<u>See</u> Pet'r's Mot. for Stay, Ex. F.)  Moreover, as the letter indicates,

appellate counsel reminded Petitioner that he had already informed Petitioner of this procedure in his

letter of June 10, 2007.  (<u>See</u> Pet'r's Mot. for Stay, Ex. F.)  Petitioner should have attempted to

secure these transcripts soon after June 10, 2007, and not when he actually did so three years later on

July 20, 2010.  His three-year delay clearly shows a lack of diligence.

Petitioner's various excuses for his untimeliness are without merit.  He claims he could not

seek his transcripts sooner because he was placed in administrative segregation.  According to his

exhibits, he was placed in administrative segregation on May 10, 2010, and returned to regular

programming on July 14, 2010. (<u>See</u> Pet'r's Mot. for Stay, Ex. H.) This two-month impediment does

1    not excuse a three-year delay.  Petitioner also claims he acted diligently by continuing to seek his

2    transcripts in the superior court and with counsel.  As noted above, however, Petitioner was informed

3    on June 10, 2007, and again on August 8, 2008, that in order to obtain the transcripts he had to file a

4    formal motion with the appellate court.  His failure to do so until July 20, 2010, does not show

5    diligence.

6            Staying the case at this juncture in order to allow Petitioner to pursue another round of review

7    in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's

8    objective of streamlining federal habeas proceedings.  Rhines, 544 U.S. at 277.  The Court does not

9    find good cause to grant a stay.

10           Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

11

12       IT IS SO ORDERED.

13   **Dated:   October 19, 2010**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28